■ ALEXANDER & ALEXANDER SERVICES, INC., et al., Appellants, v THESE CERTAIN UNDERWRITERS AT LLOYD'S LONDON, ENGLAND, et al., Respondents. [748 NYS2d 740] —Order, Supreme Court, New York County (Herman Cahn, J.), entered June 20, 2001, which, upon the parties' respective motions for summary judgment, declared that defendant insurers are not obligated to indemnify plaintiff insureds for their settlement and defense costs in an underlying action, unanimously affirmed, without costs.

The underlying action was brought by the Pennsylvania Rehabilitator of an insolvent insurance company, The Mutual Fire and Inland Insurance Company, and essentially alleged that Mutual Fire sustained losses because plaintiffs, closely related insurance brokers who had contracted with Mutual Fire to provide underwriting and basic management services, wrote policies for Mutual Fire that maximized profits for themselves while exposing Mutual Fire to unacceptably high risks. Plaintiffs settled the action with the Rehabilitator and now seek to recover their settlement and defense costs under primary and excess professional errors and omissions policies issued by defendants. The motion court correctly held that defendants have no such obligation to indemnify plaintiffs by reason of Exclusion F in the primary policy, applicable to all excess coverage policies, excluding "any claim by any insurance company or insurance syndicate, alleging mismanagement of its affairs or based on underwriting results." Indeed plaintiffs, who concede that Exclusion F would apply if Mutual Fire had brought the underlying action, appear to acknowledge that the claims made by the Rehabilitator are the sort contemplated by Exclusion F, but argue that Exclusion F does not apply because the underlying action was brought not by Mutual Fire but by the Rehabilitator, and asserted claims not just on behalf of Mutual Fire but also on behalf of Mutual Fire's policyholders

and creditors. However, to the extent that the Rehabilitator made claims on behalf of particular policyholders or creditors that Mutual Fire could not have made itself, those claims were entirely dependent on the claim that plaintiffs, in writing policies for Mutual Fire, mismanaged its affairs, causing or worsening its insolvency, and rendering it unable to pay its obligations to policyholders and creditors. Furthermore, the thrust of the Rehabilitator's action was Mutual Fire's "claim" that plaintiffs mismanaged its affairs. In view of the foregoing, we do not reach the alternative grounds urged by defendants for affirmance. Concur—Andrias, J.P., Ellerin, Rubin and Gonzalez, JJ.